IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sofia Cano, | ) | Case No. 9:22-cv-04247-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Bryan P. Stirling, Dr. | ) | |
| Chris Kunkle, Esther Labrador, and | ) | |
| Dr. Andrew W. Hedgepath, in their | ) | |
| individual and official capacities; Dr. | ) | |
| John Taylor, William Langdon, | ) | |
| McKendley Newton, Terrie Wallace, | ) | |
| Salley Elliott, Kenneth L. James, | ) | |
| Netra Adams, Pamela Derrick, Dr. | ) | |
| Robert Ellis, Dr. Jennifer Block, Timothy | ) | |
| Green, Chelsea Johnson, Yvonne | ) | |
| Wilkins-Smith, Shawanda Washington, | ) | |
| and Does 1–5, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants'[1] Partial Motion to Dismiss. ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On May 31, 2023, the Magistrate Judge issued a Report recommending that the Motion be granted in part and

---

[1] Within this Order, "Defendants" will refer to all Defendants except John Does 1–5.

denied in part. ECF No. 31. Defendants filed objections, and Plaintiff filed a Reply. ECF Nos. 32, 39.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. Next, the Court turns to the portions of the Report to which no party has objected. In her first two claims, Plaintiff alleges § 1983 claims against "all individual Defendants." To the extent Plaintiff's first two claims can be read as requesting an award of money damages against Defendants Stirling, Kunkle, Labrador, and Hedgepath in their official capacities,

the Magistrate Judge recommends that Defendants' Motion be granted and any such claim for damages against those Defendants in their official capacities be dismissed. ECF No. 31 at 6–8. To the extent that these claims seek an award of damages against these Defendants in their individual capacities or an award of injunctive or declaratory relief against these Defendants in their official capacities, the Magistrate Judge recommends that the claims be permitted to proceed to discovery. *Id.* at 8. With respect Plaintiff's claims for money damages against Defendant South Carolina Department of Corrections ("SCDC"), the Magistrate Judge recommends finding that SCDC is not entitled to Eleventh Amendment Immunity as to Plaintiff's claim for disability discrimination in violation of Title II of the Americans with Disabilities Act, her claim under Section 504 of the Rehabilitation Act, or her claim under Section 1557 of the Affordable Care Act at this juncture. *Id.* at 8–10. Upon review of the record, the Report, and the applicable law for clear error, the Court agrees with the recommendation of the Magistrate Judge and adopts her reasoning as to these claims.

Turning to the remainder of the Report, Defendants have put forth three objections,[2] which the Court will address in turn.[3]

---

[2] Plaintiff and Defendants make general reference to the arguments presented in their previous filings. To the extent the parties invite the Court to make arguments on their behalf that they have not specifically raised in response to the Report, the Court notes that all parties are represented by counsel and declines to do so.

[3] The remaining portion of this Order deals with claims brought against Stirling, Kunkle, Labrador, Hedgepath, Taylor, Langdon, Newton, Wallace, Elliott, James, Adams, Derrick, Ellis, Block, Green, Johnson, Wilkins-Smith, and Washington ("the Individual Defendants").

***Interpretation of the Budget Proviso***

Defendants contend that the Magistrate Judge erred in her interpretation of the South Carolina Budget Proviso 65.28 ("the Budget Proviso"). Specifically, they argue that she erred in her interpretation of the legislative history of the Budget Proviso and her interpretation of the express language.[4]

Defendants assert that Plaintiff mischaracterized the legislative history in putting forth her interpretation of the Budget Proviso; accordingly, the Magistrate Judge erred in relying upon it. Defendants assert that Plaintiff focused on purported differences in two bills that failed to pass and the Budget Proviso, which was passed by the General Assembly. They assert, and provide sufficient evidence in support, that the language in all three documents, with respect to their discussion of hormone therapy for prisoners, was substantively identical. In her Reply, Plaintiff agrees that the language is substantively identical and that the Complaint is erroneous on this point. To the extent it is necessary to modify the portion of the Report addressing this issue, the Court does so.[5] However, this does not change the ultimate outcome as addressed below.

Defendants next assert that the Magistrate Judge misinterpreted the express language of the Budget Proviso. They contend that the Magistrate Judge "failed to give

---

[4] The Court briefly notes that Plaintiff and Defendants appear to overstate the conclusions reached by the Magistrate Judge. The Report makes clear that it is referring to the sufficiency of the allegations in Plaintiff's Complaint and specifically limits its recommendations to this procedural posture.

[5] The Court notes that this argument was not raised to the Magistrate Judge in either the Partial Motion to Dismiss or the Reply.

effect to the intent of the General Assembly as embodied in the [B]udget [P]roviso" because the General Assembly clearly expressed its intention to prohibit the use of state funds for the start of hormone therapy for prisoners by specifically allowing hormone therapy for prisoners who were already receiving such treatment before they entered SCDC.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge, at this stage of the litigation, that the Budget Proviso does not prohibit the use of state funds to start a prisoner on hormone therapy. As stated by the Magistrate Judge, the Budget Proviso is silent as to Plaintiff's situation—a current inmate starting hormone therapy. Defendants' contention that the General Assembly's decision to specifically allow hormone therapy for some inmates necessarily means they intended to prohibit it for others is insufficiently supported at this stage.[6] "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Cain v. Nationwide Prop. & Cas. Ins. Co.*, 661 S.E.2d 349, 352 (S.C. 2008) (quoting *Hodges v. Rainey*, 533 S.E.2d 578, 581 (S.C. 2000)).

---

[6] The Court also finds compelling Plaintiff's argument that the General Assembly is perfectly capable of stating what state funds are not to be used for because the Budget Proviso specifically bans the use of state funds for sexual reassignment surgery for prisoners. Accordingly, at this procedural posture, the Court declines to construe the Budget Proviso as banning the use of state funds for the start of hormone therapy for an inmate.

5

At the end of their objection to the Magistrate Judge's discussion of the Budget Proviso, Defendants briefly argue that, even if the Magistrate Judge correctly interpreted the Budget Proviso, Defendants interpretation is relevant because it demonstrates a lack of the subjective state of mind required to establish deliberate indifference in violation of the Eighth Amendment.[7]  They further contend it establishes that they did not act with discriminatory animus as required to state a claim for a violation of Plaintiff's Fourteenth Amendment rights.  The Court finds that, at this procedural posture, Plaintiff has sufficiently stated an Eighth Amendment claim pursuant to § 1983, including the requisite subjective element.  Further, as explained in more detail by the Magistrate Judge, the freeze-frame policy alleged in the Complaint is not facially neutral; accordingly, a showing of discriminatory animus is not required.  Accordingly, Plaintiff's first objection is overruled.[8]

***Failure to Address Certain Arguments***

In their second objection, Defendants contend that the Magistrate Judge "failed to rule" on their arguments related to the use of Plaintiff's legal name and lack of access to hair removal products.  ECF No. 32 at 11.  However, the Magistrate Judge specifically refers to the pages of the Motion referenced by Defendants that include the claims they

---

[7] Defendants seek partial dismissal of Plaintiff's Eighth Amendment claim, only insofar as it is based on an alleged denial of hormone therapy.  ECF No. 16 at 7.

[8] Plaintiff did not specifically object to the Magistrate Judge's recommendation that Plaintiff stated sufficient factual allegations to state a claim for deliberate indifference to a serious medical need.  *See* ECF No. 31 at 12–15.  Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.

assert she ignored.  The Magistrate Judge also refers to "other gender affirming accommodations" in the beginning of her discussion of Plaintiff's Fourteenth Amendment claims.  At the end of that section, the Magistrate Judge states,

> Defendants also argue that Plaintiff has failed to state an Equal Protection claim based on the alleged failure by Defendants to use her legal name and the denial of certain hair removal products because she has not alleged facts showing that she has been treated any differently than any other inmate. ECF No. 16 at 16–17. However, Plaintiff's Complaint alleges that the use of her legal name and access to hair removal products are part of the medically necessary care that she requires to treat her gender dysphoria. *See, e.g.,* ECF No. 1 at ¶¶ 3, 88, 136, 175, 176. And, as stated above, she has alleged that because she is transgender, Defendants treat her differently than non-transgender inmates in that non-transgender inmates are entitled to all medically necessary care. *See id*. at ¶ 172. The undersigned finds these allegations sufficient to state an Equal Protection claim at this early stage of the litigation.

ECF No. 31 at 22.

Therefore, the Court finds that the Magistrate Judge did consider these claims and issue an associated recommendation.  As Defendants are represented by counsel, the Court does not need to liberally construe their objections as alleging any more than a failure by the Magistrate Judge to consider their argument.  However, upon review of the Report, the record, and the applicable law for clear error, the Court finds that Plaintiff has

7

alleged sufficient facts to state a claim at this procedural posture.[9]  Accordingly, Defendants' second objection is overruled.

### *Qualified Immunity*

Defendants' final objection is to the Magistrate Judge's recommendation that they are not entitled to qualified immunity as to Plaintiff's claims against them in their individual capacity.  ECF No. 32 at 11–15.  As stated above, the Magistrate Judge has provided a thorough recitation of the applicable law to which no party has objected.

As noted above and in the Report, at this procedural posture, Plaintiff has stated a constitutional violation.  Accordingly, the first prong of the qualified immunity review has been satisfied.  The remaining question is whether Plaintiff's rights were clearly established at the time of the alleged violation such that Defendants' request for dismissal on the basis of qualified immunity should be denied.

Defendants first argue that the Budget Proviso has not been found unconstitutional; therefore, Defendants conducted themselves in an objectively reasonable manor by declining to start Plaintiff on hormone therapy pursuant to the language of the Budget Proviso.[10]  However, as explained by the Magistrate Judge and limited to this procedural posture, the Budget Proviso does not necessarily prohibit the

---

[9] This finding is as to Plaintiff's claims for relief based on hormone therapy and other gender affirming accommodations defined as failure to use Plaintiff's legal name and provide sufficient hair removal products.

[10] Defendants make this argument as to Plaintiff's claims pursuant to the Eighth and Fourteenth Amendments.

use of state funds to provide hormone therapy to Plaintiff.  Accordingly, whether the Budget Proviso has previously been found unconstitutional does not affect whether the law on this matter was clearly established at the time of the alleged violation.

Defendants next argue that the Magistrate Judge erred in finding that Defendants were on notice that their conduct "could give rise" to an Eighth Amendment claim.[11]  They assert that this fails to meet the "clearly established" standard.  Defendants' argument centers around the Fourth Circuit's decisions in *De'lonta v. Angelone*, 330 F.3d 630 (4th Cir. 2003) ("*De'lonta I*"), and *De'lonta v. Johnson*, 708 F.3d 520 (4th Cir. 2013).  Defendants make three arguments in support of their proposition that the Magistrate Judge erred in her analysis.

First, they contend that these cases involved a prison policy and not a state law.  The Court finds this unpersuasive.  It is true that *De'lonta I* dealt with prison policies but the more significant finding was that the decision not to treat the plaintiff "was based solely on the Policy *rather than on a medical judgment concerning [the plaintiff's] specific circumstances*."  *De'lonta I*, at 635.  Similarly, here Defendants argue the decision not to treat was due to the Budget Proviso and not any medical determination specific to Plaintiff.

Next, Defendants argue that the course of treatment was different in that the plaintiff in *De'lonta I* was abruptly taken off hormone therapy which led to injuries.  The

---

[11] Defendants make this argument only as to Plaintiff's Eighth Amendment claim.  In their initial Motion, Defendants made additional arguments as to Plaintiff's Fourteenth Amendment claim that were addressed by the Magistrate Judge but do not do so in their objections.  The Court has reviewed this portion of the Report, the record, and the applicable law for clear error.  *See* ECF No. 31 at 26–27.  Upon such review, the Court adopts the recommendation of the Magistrate Judge.

Court also finds this unpersuasive.  As explained in more detail by the Magistrate Judge, to be clearly established, a right must be defined with precision; however, the facts of each case need not be identical to provide sufficient notice to defendants.  *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 538 (4th Cir. 2017) ("[D]efendants 'can still be on notice that their conduct violates established law even in novel factual circumstances,' so long as the law provided 'fair warning' that their conduct was unconstitutional." (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002))).  Here, as in *De'lonta I,* the facts pertain to the denial of hormone therapy as medical care.  At this procedural posture, the Court finds that this is sufficient to preclude granting the Partial Motion to Dismiss on the basis of qualified immunity.

Finally, Defendants argue that the *De'lonta* cases did not operate to provide sufficient notice that Defendants could be violating Plaintiff's Eighth Amendment rights because those opinions made clear that Plaintiff had alleged enough to survive a motion to dismiss and that it was not opining as to the ultimate merits of the plaintiff's constitutional claims.  The Court disagrees.  This Court is also not currently deciding the ultimate merits of Plaintiff's case.  Rather, the Court finds that there is sufficient evidence, at this time and stage of litigation, that Plaintiff's Eighth Amendment rights were clearly established such that Defendants are not entitled to qualified immunity.  *See Canter v. Mover*, No. GJH-17-908, 2018 WL 1513012, at *6 (D. Md. Mar. 26, 2018) ("Moreover, Plaintiff's allegations are similar to the facts set forth in *De'lonta v. Johnson*, 708 F.3d 520 (4th Cir. 2013), and Defendants cannot credibly assert that Plaintiffs' right to treatment is not clearly established.").  Further proceedings may establish that Defendants are entitled

to qualified immunity. However, taking the allegations of the complaint as true and drawing all reasonable inferences in favor of Plaintiff, as it is required to do, the Court cannot find as a matter of law that Defendants are entitled to qualified immunity at this procedural posture. Accordingly, Defendants' third objection is overruled.

## CONCLUSION

Based on the foregoing, the Court adopts as modified the Report of the Magistrate Judge. Defendants' Partial Motion to Dismiss [16] is **GRANTED in part** as to any claims for money damages alleged against the Individual Defendants in their official capacities and **DENIED in part** as to all other claims.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 7, 2023
Spartanburg, South Carolina